IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>vs. )<br>)<br>LARRY COLLINS, )<br>)<br>Defendant/Petitioner. ) | NO. 2:12-CV-338<br>   (2:08-CR-008) |

**OPINION AND ORDER**

This matter is before the Court on the "Motion to Reconsider" filed by Petitioner, Larry Collins, on June 17, 2013.  For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On August 23, 2012, Larry Collins ("Collins"), pro se, filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  This Court entered an order on May 16, 2013, denying the section 2255 petition.  Collins then filed the instant motion to reconsider, requesting relief from that judgment and the issuance of a Certificate of Appealability.

DISCUSSION

In the instant motion, Collins reiterates arguments that were previously raised in his 2255 petition. Those arguments are substantively within the scope of 28 U.S.C. § 2255.  The Seventh

Circuit has noted that "[a]ny motion filed in the district court that imposes the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).  This Court has ruled on Collins' arguments and Collins is now obligated to obtain permission to file any successive collateral attack from the Seventh Circuit prior to proceeding in this Court.  *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  Without permission from the Seventh Circuit, this Court does not have subject matter jurisdiction to entertain the instant motion.[1]  *United States v. Scott,* 414 F.3d 815, 817 (7th Cir. 2005).

CONCLUSION

    For the aforementioned reasons, the Motion for Reconsideration is **DENIED**.

**DATED: June 21, 2013**                                      /s/ RUDY LOZANO, Judge
                                                                        **United States District Court**

---

[1] Additionally, the Court notes that reconsideration would not be warranted here even if this Court did not lack jurisdiction. "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982).  Motions for reconsideration are not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)(citations omitted).  This Court thoroughly addressed all of Collins' arguments in its 11-page opinion, and would have stood by its previous rulings denying Collins' section 2255 petition and certificate of appealability.